IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:11-CT-3010-BO

| | |
|---|---|
| VERNON L. RYLEE,<br>        Plaintiff, | )<br>)<br>) |
| v. | )    **ORDER**<br>) |
| TRACY JOHNS, et al.,<br>        Defendants. | )<br>)<br>) |

Vernon L. Rylee ("plaintiff") filed this suit pursuant to Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971). On October 31, 2011, the matter was allowed to proceed after the frivolity review. 28 U.S.C. § 1915; D.E. 5. Now before the court is a motion to dismiss by the United States Attorney for the Eastern District of North Carolina who has made a limited appearance to file for dismissal based on improper service of the complaint and summons of Warden Tracy Johns, Jeanette Ortiz, Lawrence Sichel, V. K. Harris, and L. Speer.[1] Furthermore, defendant Robin Hunter-Buskey seeks dismissal on the basis of absolute immunity to this suit as a commissioned officer in the Public Health Service ("PHS").

The court first addresses defendants' motion to dismiss on the ground that Rylee failed to effect proper service of the complaint and summons upon Johns, Ortiz, Sichel, Harris, and Speer. In support of the motion, affidavits of Art Sappington (mail room supervisor), Phillip Clark (Case Management Coordinator), and these five defendants have been filed.

Proper service of process (or waiver of service under Fed. R. Civ. P. 4(d)) is necessary for the court to exercise personal jurisdiction over a defendant. See Murphy Bros., Inc. v. Michetti Pipe

---

[1] Elizabeth Bennett, P.A., was no longer employed at the Federal Correctional Center, at Butner, North Carolina, on November 7, 2011, when the certified mail was received, but has since been served and is not included within the motion.

Stringing, Inc., 526 U.S. 344, 350 (1999). Under Rule 4(m), if service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court must dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time, unless the plaintiff can show good cause. Fed. R. Civ. P. 4(m). Rule 4(e)(1) permits a plaintiff to serve individual defendants "pursuant to the law of the state in which the district court is located." Fed. R. Civ. P. 4(e)(1). The North Carolina Rules of Civil Procedure permit service "[b]y mailing a copy of the summons and of the complaint, registered or certified mail, return receipt requested, addressed to the party to be served, and delivering to the addressee." N.C. Gen. Stat. § 1A-1, Rule 4(j)(1)(c). A plaintiff may deliver the documents to defendant's place of employment. See id.; Moore v. Cox, 341 F. Supp. 2d 570, 573 (M.D.N.C. 2004); Waller v. Butkovich, 584 F. Supp. 909, 926 (M.D.N.C. 1984).

When a defendant challenges service by certified mail, a plaintiff must submit an affidavit stating that a copy of the summons and complaint was mailed and attach the return receipt indicating that service was received in accordance with N.C. Gen. Stat. § 1-75.10(4). See Moore, 341 F. Supp. 2d. at 573. If the attached return receipt was signed by a person other than the addressee, North Carolina presumes "that the person who received the mail . . . and signed the receipt was an agent of the addressee authorized by appointment or by law to be served or to accept service of process." N.C. Gen. Stat. § 1A-1, Rule 4(j2)(2); see Moore, 341 F. Supp. 2d. at 573; Fender v. Deaton, 130 N.C. App. 657, 662, 503 S.E.2d 707, 710 (1998). A party may rebut this presumption of valid service with "affidavits of more than one person showing unequivocally that proper service was not made upon the person of the defendant." Grimsley v. Nelson, 342 N.C. 542, 545, 467 S.E.2d 92, 94 (1996); see Moore, 341 F. Supp. 2d at 573.

2

On November 22, 2011, the USMS filed a return of service on each of these defendants with a certified return receipt indicating that the summonses and complaints were received by an individual employed by the BOP in FCI- Butner's mail room, Art Sappington [D.E. 9]. These defendants argue that service is ineffective as to them because Sappington was not authorized by them to accept service of process for them in their individual capacities. These defendants also contend that there is no evidence the copies of the summons and complaint were delivered personally to the individuals, were delivered to the individuals' homes or were sent to an agent authorized by appointment or by law to receive service on behalf of any of the individual defendants.

Defendants have not shown unequivocally that service was improper. The USMS filed a return of service indicating service on these defendants at their place of employment. The return receipt shows that the delivery was accepted by Art Sappington who is employed by the BOP as the mail room supervisor at FCI-Butner who, under North Carolina law, is presumed to be an agent for service of process. "In order to rebut the presumption of service, a defendant 'must present evidence that service of process failed to accomplish its goal of providing defendant with notice of the suit, rather than simply questioning the identity, role, or authority of the person who signed for delivery of the summons.'" Rodriguez v. Irwin, No. 7:10-CV-102-FL, 2011 WL 737316, at *11 (E.D.N.C. Feb. 23, 2011) (unpublished) (quoting Granville Med. Ctr. v. Tipton, 160 N.C. App. 484, 493, 586 S.E.2d 791, 797 (2003)). "Finally, simply complaining that one never received suit papers is not sufficient to dispute otherwise valid service." Id., 2011 WL 737316, at *8 (citing In re Williams, 149 N.C. App. 951, 959, 563 S.E.2d 202, 206 (2002)). Because defendants have not overcome the presumption of valid service under North Carolina law, the court denies his motion to dismiss to the extent that it is based on improper service.

3

Next the court addresses the motion as to defendant Hunter-Buskey. As a commissioned officer in the Public Health Service ("PHS") one is entitled to absolute immunity from suit other than under the Federal Tort Claims Act. See 42 U.S.C. § 233(a); Hui v. Castaneda, ___ U.S. ___, 130 S. Ct. 1845, 1851 (2010); Moody v. Leibson, 2012 WL 1533452 * 4-5 (March 30, 2012) (N.D.W.Va.) (unpublished); Cuoco v. Moritsugu, 222 F.3d 99, 107 (2d Cir. 2000); Cook v. Blair, No. 5:02-CT-609-BO, 2003 WL 23857310, *1-2 (E.D.N.C. Mar. 21, 2003); see generally United States v. Smith, 499 U.S. 160, 170 n.11 (1990) (discussing absolute immunity provided to commissioned PHS officers by 42 U.S.C. § 233(a)). Specifically, Title 42 U.S.C. § 233(a) provides that the exclusive civil remedy available to any individual against a commissioned officer of the U.S. Public Health Service for any actions pertaining to medical, surgical, dental or related functions is an action pursuant to the Federal Tort Claims Act (28 U.S.C. § 2672).

The evidence shows Hunter-Buskey to be a commissioned PHS officer detailed to FCC Butner. Hunter-Buskey works as a Physician Assistant, Decl. Hunter-Buskey ¶ 1-2. Hunter-Buskey was serving in that capacity when treating Rylee. Id. Therefore, plaintiff cannot proceed with his claim against Hunter-Buskey, and plaintiff's claims against her are DISMISSED.

Accordingly, defendants' motion to dismiss [D.E. 12] is GRANTED in part, and DENIED in part. Defendant Hunter-Buskey is DISMISSED from the suit on the basis of absolute immunity as a commissioned officer in the Public Health Service; thus, the motion to dismiss is GRANTED as to the dismissal of Hunter-Buskey. The motion is DENIED as to defendants Johns, Ortiz, Sichel, Harris, and Speer based on improper service.

SO ORDERED, this the 13 day of June 2012.

                                                                 TERRENCE W. BOYLE
                                                                 United States District Judge